UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

IN RE EVERETTE WEAVER,

                                                      5:23-PF-0001 (BKS)

                       Respondent.
_____

**PRE-FILING ORDER**

On May 26, 2022, Respondent Everette Weaver brought an action pro se against: (1) New York State Office of Court Administration ("OCA"); (2) New York State Unified Court System ("UCS"); (3) Kings County Supreme Court; (4) Nancy T. Sunshine; and (5) New York City Police Department ("NYPD") asserting claims under (1) the Genocide Convention Implementation Act of 1987; (2) Title VII of the Civil Rights Act of 1964; (3) 42 U.S.C. § 1983; (4) the Racketeer Influenced and Corrupt Organizations Act ("RICO"); and (5) New York State Human Rights Law. (Case No. 22-cv-559, Dkt. No. 1, ¶¶ 19–23, 279–353.) The action concerned events arising from his alleged purchase of the property located at 489 Classon Avenue, Brooklyn, New York, and an attack he allegedly suffered at the property on September 21, 2008. (Case No. 22-cv-559, Dkt. No. 1, ¶¶ 25–26, 30–31, 33.) The Court dismissed all claims. (Case No. 22-cv-559, Dkt. No. 33.) OCA, UCS, Kings County Supreme Court, and Sunshine moved for a pre-filing injunction preventing Respondent from filing anything further in the Northern District absent leave to file. (Case No. 22-cv-559, Dkt. No. 16-1, at 19–21.) Respondent replied in opposition. (Case No. 22-cv-559, Dkt. No. 20, at 56–65.)

"A district court may, in its discretion, impose sanctions against litigants who abuse the judicial process[,] . . . [including] an injunction forbidding further litigation." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). In determining whether such a pre-filing injunction is appropriate, a court must consider:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a 'history of litigation entailing "vexation, harassment and needless expense to [other parties]" and "an unnecessary burden on the courts and their supporting personnel."'" *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (per curiam) (alteration in original) (quoting *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984)). Issuing a pre-filing injunction "is appropriate when a plaintiff 'abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings.'" *Id.* (quoting *In re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d Cir. 1981)).

Considering the *Safir* factors, the Court finds that a pre-filing injunction is warranted. Plaintiff's history of litigation is long. The instant action is the second action Plaintiff has initiated in the Northern District in the last year, *see Weaver v. N.Y. State Off. of Ct. Admin.*, No. 22-cv-293 (N.D.N.Y.),[1] and is the latest in a string of duplicative and vexatious actions initiated by Plaintiff in the Southern and Eastern Districts stretching back to 2011 that has created needless expense for various other parties and unnecessary burdens on those district courts. Each of those actions concerned either the Classon Avenue property or the interaction at that property

---

[1] The other action was dismissed on jurisdictional grounds and for failure to state a claim. *See Weaver v. N.Y. State Off. Of Ct. Admin.*, No. 22-cv-293, 2023 WL 2388745, at *6, 2023 U.S. Dist. LEXIS 37365, at *15 (N.D.N.Y. Mar. 7, 2023). While that action did not implicate either the 489 Classon Avenue property or the September 21, 2008, incident, it did include as defendants the New York State Unified Court System and the New York State Office of Court Administration and involved unmeritorious claims arising under Title VII, § 1983, and New York Human Rights Law. *See id.*, 2023 WL 2388745, at *2, 2023 U.S. Dist. LEXIS 37365, at *2.

on September 21, 2008, and involved duplicative defendants, rehashed factual allegations, and reused causes of action, and each of those actions was dismissed either on jurisdictional grounds or for failure to state a claim. *See Weaver v. James*, No. 10-cv-6609, 2011 WL 4472062, at *4–5, 2011 U.S. Dist. LEXIS 109960, at *11 (S.D.N.Y. Sept. 27, 2011); *Weaver v. City of N.Y.*, No. 09-cv-10262, 2011 WL 4974570, at *9, 2011 U.S. Dist. LEXIS 121322, at *26 (S.D.N.Y. Oct. 18, 2011); *Weaver v. Vaughan*, No. 11-cv-3281, 2012 WL 4482043, at *3, 2012 U.S. Dist. LEXIS 139577, at *8 (E.D.N.Y. Sept. 27, 2012); *Weaver v. Boriskin*, No. 16-cv-688, 2020 WL 13558738, at *9, 2020 U.S. Dist. LEXIS 266941, at *27 (E.D.N.Y. Mar. 10, 2020); *Weaver v. Siegel*, No. 20-cv-1082, 2020 WL 7066287, at *1–2, 2020 U.S. Dist. LEXIS 227312, at *2–3 (E.D.N.Y. Dec. 3, 2020).[2]

The Court takes judicial notice of the existence of four pre-filing injunctions against Plaintiff, which were issued in the following actions: *CitiMortgage Inc. v. Weaver*, No. 18430/2009 (N.Y. Sup. Ct); *Weaver v. Vaughan*, No. 11-cv-3281 (E.D.N.Y.); *Weaver v. Schiavo*, No. 17-cv-1406 (S.D.N.Y.); and *CIT Bank, N.A. v. Weaver*, No. 83/2014 (N.Y. Sup. Ct.). Furthermore, Plaintiff's voluminous and highly repetitive filings in the instant action—one of which is in violation of Local Rule 7.1—are devoid of any cognizable claim. Based on his previous failures in the Southern and Eastern Districts, Plaintiff clearly lacks an objective good-faith expectation of prevailing in the Northern District. And while Plaintiff is proceeding pro se, "'a court's authority to enjoin vexatious litigation extends equally over pro se litigants and those

---

[2] The only issue related to the allegations in the instant action with which Plaintiff had a modicum of success involved the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff brought claims under the FDCPA, which the district court dismissed. *See Weaver v. Boriskin*, No. 16-cv-688, 2017 WL 5201433, at *7, 2017 U.S. Dist. LEXIS 188394, at *19 (E.D.N.Y. Sept. 30, 2017). Plaintiff appealed to the Second Circuit, and after the district court's decision was issued but before the appeal was decided, the Second Circuit issued a case bearing on analysis of the FDCPA. *See Weaver v. Boriskin*, 751 F. App'x 96, 99 (2d Cir. 2018). Informed by that decision, the Second Circuit vacated and remanded a portion of the district court's order without expressing an opinion as to the proper resolution of the claims. *See id.* But Plaintiff's success was short-lived. Upon remand, the district court again dismissed all of Plaintiff's claims. *See Weaver v. Boriskin*, 2020 WL 13558738, at *9, 2020 U.S. Dist. LEXIS 266941, at *27.

3

represented by counsel,' and a court's 'special solicitude' toward[] pro se litigants 'does not extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights.'" *Lipin v. Hunt*, 573 F. Supp. 2d 836, 845 (S.D.N.Y. 2008) (quoting *Pandozy v. Segan*, 518 F. Supp. 2d 550, 558 (S.D.N.Y. 2007)). Indeed, Plaintiff vows he "will continue litigation until Justice is served." (Dkt. No. 20, at 62.) Clearly, then, any sanction short of a pre-filing injunction would be insufficient to deter Plaintiff's behavior and protect the Court and the various other parties.

Accordingly, Plaintiff Everette Weaver is enjoined from filing any new civil action or proceeding as a pro se plaintiff in the United States District Court for the Northern District of New York against any judicial officer or other individual or entity related to proceedings involving the property located at 489 Classon Avenue, Brooklyn, New York, or involving the interaction at that property on September 21, 2008, without prior permission of the Chief Judge of the United States District Court for the Northern District of New York or his or her designee, subject to the requirements outlined below. Failure to strictly comply with the requirements outlined below may result in further sanctions.

**NOTICE TO PRO SE LITIGANTS: FAILURE TO STRICTLY COMPLY WITH THE REQUIREMENTS OUTLINED BELOW MAY SUBJECT YOU TO FURTHER SANCTIONS.**

**ACCORDINGLY**, it is

**ORDERED** that, pursuant to 28 U.S.C. § 1651(a), Respondent is permanently enjoined from filing any pleadings or documents of any kind (including motions) involving the property located at 489 Classon Avenue, Brooklyn, New York, or involving the interaction at that property on September 21, 2008, as a pro se plaintiff in the United States District Court for the

Northern District of New York without prior permission of the Chief Judge or his or her designee;[3] and it is further

**ORDERED** that the Clerk of the United States District Court for the Northern District of New York shall maintain the current file (Case No. 23-pf-1) with the general title "In Re Everette Weaver." Unless otherwise ordered by the Chief Judge or his or her designee, this file shall serve as the repository of all pleadings and documents submitted under the procedures set forth herein and any order entered pursuant thereto. The Clerk of the Court shall also maintain a docket sheet associated with this case number and shall list all documents filed therein; and it is further

**ORDERED** that, before filing pro se any pleadings or documents of any kind (including motions) involving the property located at 489 Classon Avenue, Brooklyn, New York, or involving the interaction at that property on September 21, 2008, in the United States District Court for the Northern District of New York, Respondent must first obtain permission from the Chief Judge or his or her designee. To do so, Respondent must submit to the Court three documents in the form described below: (1) a petition requesting leave to file; (2) an affidavit containing information specified below; and (3) a copy of the pleading or document sought to be filed. The filing shall be entitled "Application Pursuant to Court Order Seeking Leave to File," and shall contain the assigned file number in the caption; and it is further

**ORDERED** that a petition requesting leave to file must contain the following

---

[3] The filings subject to this Order include filings of documents by Respondent as a pro se plaintiff in: (1) a new action opened by him in this Court through the filing of a complaint, a motion, an application, or any other means; (2) an action opened by him in another federal district court and transferred to this Court, when that action clearly should have been venued in this District, *see In re: Leon R. Koziol*, No. 15-af-0005, Order, at 2-3 & n.2 (N.D.N.Y. filed Dec. 19, 2019) (collecting cases); and (3) an action opened by him in state court and removed to this Court by any party, when that action was laden with federal claims (especially claims based on grounds previously trodden by Respondent in this Court, and asserted against defendants who had been previously sued by him in this Court on similar grounds), *see In re: Leon R. Koziol*, No. 15-af-0005, Order, at 2–5 & n.3 (N.D.N.Y. filed Dec. 19, 2019) (collecting cases).

information:

(1) a statement advising the Court whether any defendant to the lawsuit was a party, litigant, judge, attorney, court officer, public official or participant to, or was in any way involved in, any prior lawsuit or bankruptcy proceeding involving Respondent, and if so, in what capacity;

(2) a list of all lawsuits in the United States District Court for the Northern District of New York, Court of Appeals for the Second Circuit, and state courts in which Respondent was or is a party, including (a) the name, case number, and citation, if applicable, of each lawsuit, and (b) a statement indicating the nature of Respondent's involvement in each lawsuit and its current status or disposition;

(3) a list of all federal or state cases in which a judgment was rendered against Respondent, if any, including (a) the name, case number, and citation, if applicable, (b) the amount of the judgment rendered against him, and (c) the amount, if any, of the judgment that remains outstanding and the reasons therefore;

(4) a list of all federal or state cases in which a judgment was rendered in favor of Respondent, if any, including the name, case number, and citation, if applicable; and

(5) a list identifying the procedural or monetary sanctions, assessments of attorneys' fees, contempt orders, or jail sentences arising out of a civil prosecution imposed against Respondent by any court, including all appellate courts, if any, including (a) the name, case number, and citation, if applicable, of each case, (b) a brief statement explaining the sanctions, contempt order, attorneys' fees, or jail sentence imposed, (c) the type or amount of sanctions, (d) the outstanding amount of any sanctions or attorneys' fees, and (e) the current status or disposition of the matter; and it is further

**ORDERED** that Respondent shall also submit (with the above-described petition) an affidavit, in the proper legal form, under oath and notarized, containing the following recitals:

(1) that the pleading or claims which Respondent wishes to present, or the relief which he seeks, has never before been raised by him and disposed of by any federal or state court and are not, to the best of his knowledge, barred by the doctrines of collateral estoppel or res judicata;

(2) that to the best of Respondent's knowledge, (a) the claim or claims are not frivolous or asserted in bad faith, (b) the claim or claims are well-grounded in fact and warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and (c) the lawsuit is not interposed for any improper purpose, such as to harass, cause unnecessary delay or needless increase in the cost of litigation, or to avoid the execution of a valid judgment;

(3) that the claim or claims are not meant to harass any judicial officer, attorney, individual, organization, or entity; and

(4) that, in prosecuting the action, Respondent will comply with all federal and local rules of procedure, including those requiring the service on other parties of all pleadings and documents filed with the Court, and will provide the Court with acceptable proof that such service was made; and it is further

**ORDERED** that Respondent shall include with the above-described petition and affidavit a copy of the pleading and/or any other document(s) to be filed with the Court, and that the pleading and/or document(s) shall conform with the requirements of this Pre-Filing Order, Fed. R. Civ. P. 8, all other provisions contained in the Federal Rules of Civil Procedure, and the District's Local Rules of Practice; and it is further

**ORDERED** that, upon filing of the Application Pursuant to Court Order Seeking Leave to File, the Clerk or his or her designated deputy shall docket the pleading and/or document(s) in the case and in accordance with the rules, and immediately forward them to the Chief Judge or his or her designee for review; and it is further

**ORDERED** that, if the Application Pursuant to Court Order Seeking Leave to File includes a pleading of any kind, the Clerk shall **STAY** the case and shall not issue the requisite summonses until directed to do so by the Chief Judge or his or her designee; and it is further

**ORDERED** that, in deciding such an Application, the Chief Judge or his or her designee should consider the following:

(1) whether Respondent has complied with the procedures set forth in this Pre-Filing Order in all particulars;

(2) whether Respondent's pleading and/or document(s) comply with the Federal Rules of Civil Procedure and the District's Local Rules of Practice;

(3) whether the Respondent's pleading and/or document(s) are frivolous, abusive, harassing, or malicious;

(4) whether the claims asserted in Respondent's pleading have been adjudicated previously by any state or federal court;

(5) whether Respondent has complied in all respects with Fed. R. Civ. P. 11 and all pleadings and documents would not give rise to liability for unreasonable and vexatious multiple filings;

(6) whether the pleading asserts claims against judges, court officials, public officers, or any other individuals who may have immunity from suit; and

(7) whether the pleading and/or document(s) meet such other reasonable requirements established by the Court; and it is further

**ORDERED** that failure to comply with the procedures and principles set forth in this Order shall be grounds for denying the Application Pursuant to Court Order Seeking Leave to File without further review. Likewise, false or misleading recitals in the pleading or document shall be grounds for denial and may subject Respondent to further sanctions under Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and/or the Court's inherent power to sanction a litigant for bad-faith conduct or for disobeying court orders; and it is further

**ORDERED** that Respondent is further advised that nothing in this Pre-Filing Order (a) hinders his ability to defend himself in any criminal action brought against him, (b) hinders his ability to file any pleadings or documents of any kind (including motions) not involving the property located at 489 Classon Avenue, Brooklyn, New York, or the interaction at that property on September 21, 2008, (c) limits his access to any court other than the United States District Court for the Northern District of New York, or (d) affects his rights in any currently pending actions in state or federal court; and it is further

**CERTIFIED** pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Pre-Filing Order would not be taken in good faith; and it is further

**ORDERED** that the Clerk shall file a copy of this Pre-Filing Order on the docket of *Weaver v. New York State Unified Court System, et al.*, No. 22-cv-559 (N.D.N.Y.); and it is further

**ORDERED** that the Clerk shall serve a copy of this Pre-Filing Order on Respondent by certified mail.

Dated: <u>March 14, 2023</u>

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge